1

2

3

4                  UNITED STATES DISTRICT COURT

5                NORTHERN DISTRICT OF CALIFORNIA

6

7    BRIAN NGUYEN,                        Case No. 23-cv-03204-JSW

8              Plaintiff,
                                          **ORDER RESOLVING JOINT LETTER**
9         v.                              **BRIEF RE PLAINTIFF BRIAN**
                                          **NGUYEN'S MENTAL EXAMINATION**
10   WAL-MART ASSOCIATES, INC.,
                                          Re: Dkt. No. 40
11             Defendant.

12

13        Now before the Court is the parties' Joint Letter Brief to Compel Plaintiff Brian Nguyen's

14   Mental Examination ("Letter").  Defendant Wal-Mart Associates, Inc. ("Walmart") seeks an Order

15   requiring Plaintiff Brian Nguyen ("Nguyen") to undergo a mental examination pursuant to Federal

16   Rule of Civil Procedure 35.  The Court has considered the parties' papers, relevant legal authority,

17   and the record in this case, and it finds the Letter appropriate for resolution without further

18   briefing or telephone conference. See Civ. L.R. 7-1(b); Civil Standing Order No. 7.

19        For the following reasons, the Court grants Walmart's request to compel Nguyen to

20   undergo a mental examination.

21                                   **BACKGROUND**

22        Nguyen worked for Walmart from approximately 1994 through February 14, 2022.  (Dkt.

23   No. 1-1, Compl., ¶¶ 9, 17.)  Nguyen went on medical leave in October 2021.  (*Id.* ¶ 13.)  Before

24   Nguyen could return from leave, Walmart terminated his employment.  (*Id.* ¶ 17.)  Based on these

25   allegations, Nguyen brings eight causes of action against Walmart: (1) disability discrimination in

26   violation of California Government Code section 12940 *et seq.* ("FEHA"); (2) failure to

27   accommodate in violation of FEHA; (3) failure to engage in the interactive process in violation of

28   FEHA; (4) retaliation in violation of FEHA; (5) retaliation in violation of the California Family

Rights Act; (6) interference in violation of the Family and Medical Leave Act, 29 U.S.C. section 2601 *et seq.*; (7) wrongful termination in violation of public policy; and (8) waiting time penalties.

For seven of Nguyen's causes of action, he alleges Walmart proximately caused him to suffer "and continue[] to suffer emotional distress, humiliation, mental anguish and embarrassment, as well as the manifestation of physical symptoms." (Compl., ¶¶ 34, 46, 61, 78, 88, 97, 105.) Nguyen further alleges that "he will continue to experience said physical and emotional suffering for a period in the future not presently ascertainable." (*Id.*) In Nguyen's deposition, he testified that those symptoms include "[s]adness, anxiety, loss of sleep, headache, weight loss and gain normally," tension, loss of self-confidence and self-esteem, depression, and feeling "withdrawn." (Letter, at 2:1-9.) Nguyen's sister testified in her deposition that Nguyen suffered a "nervous breakdown" after leaving Walmart and that, in her view, Nguyen suffers from "serious" depression and sadness. (*Id.* at 4:8-14.)

Nguyen seeks to recover general emotional distress damages and future loss of earnings. (*Id.*, Prayer for Relief, ¶¶ 1, 3.)

Walmart seeks to compel Nguyen to undergo an independent medical examination ("IME") to explore his alleged emotional distress. Nguyen offers instead to stipulate that he does not seek damages "for physical, mental or emotional distress over and above what is usually associated with the injuries claimed." Walmart contends that the stipulation is insufficient, and it seeks an IME unless Nguyen will stipulate to not introduce evidence of ongoing emotional distress.

## ANALYSIS

The Court has discretion to order a party to submit to a physical or mental examination by a "suitably licensed or certified examiner" if the party's physical or mental condition is "in controversy." Fed. R. Civ. P. 35(a)(1). To obtain an order for a mental evaluation over Nguyen's objection, Walmart must show that (1) Nguyen has placed his mental condition in controversy, and (2) good cause exists for the examination. *See Ford v. Contra Costa Cnty.*, 179 F.R.D. 579, 579 (N.D. Cal. 1998) (setting forth factors).

United States District Court
Northern District of California

United States District Court
Northern District of California

**A.      Nguyen Placed His Mental Condition in Controversy.**

A mental condition is "in controversy" when it is the subject of litigation.  *Gavin v. Hilton Worldwide, Inc.*, 291 F.R.D. 161, 164 (N.D. Cal. 2013).  Although courts typically do not consider "garden-variety" emotional distress damages to place one's mental condition "in controversy," courts will order an IME if "one or more of the following factors is present: (1) the complaint includes a claim for intentional or negligent infliction of emotional distress; (2) the plaintiff alleges a specific mental or psychiatric injury or disorder; (3) the plaintiff claims unusually severe emotional distress; (4) plaintiff offers expert testimony to support the claim of emotional distress; or (5) the plaintiff concedes that her mental condition is 'in controversy' for purposes of Rule 35." *Id.*  The presence or absence of any one of these factors is not dispositive.  *See Winstead v. Lafayette Cnty. Bd. of Cnty. Comm'rs.*, 315 F.R.D. 612, 614-15 (N.D. Fla. 2016) (noting that the list of "elements should not be seen as exhaustive, nor should the presence of any one (or more) of them automatically lead to a finding that a plaintiff has put her mental state into controversy") (emphasis removed).

Here, Nguyen does not bring claims for intentional or negligent infliction of emotional distress, does not intend to introduce expert testimony regarding his mental condition, and does not stipulate that he has placed his mental condition in controversy.  Further, although "anxiety" is a medical condition, Nguyen does not seek to prove that his alleged anxiety rises to the level of a diagnosis.  *See, e.g.*, *Perez v. Health*, No. 15-cv-01792-HSG-MEJ, 2016 WL 1156497, at **2-3 (N.D. Cal. Mar. 24, 2016) (finding IME inappropriate where plaintiffs alleged "anxiety. . . depression[,] and post-traumatic stress" resulting from employment discrimination but where plaintiffs did not seek psychiatric treatment or have medical diagnoses of those conditions).

However, Nguyen appears to have "unusually severe emotional distress," over and above "garden-variety emotional distress."  *Gavin*, 291 F.R.D. at 164.  "Garden-variety emotional distress" is "ordinary or commonplace emotional distress, that which is simple or usual."  *Pringle v. Wheeler*, No. 19-cv-07432-WHO, 2021 WL 1907824, at *3 (N.D. Cal. Apr. 16, 2021) (quoting *Fitzgerald v. Cassil*, 216 F.R.D. 632, 637 (N.D. Cal. 2003)).  "In contrast, emotional distress that is not garden variety may be complex, such as that resulting in a specific psychiatric disorder." *Id.*

United States District Court
Northern District of California

1  (internal marks omitted).  General phrases like "mental and emotional distress," "pain and

2  suffering," and "stress, internal turmoil, trauma, and anxiety" reflect "garden variety" emotional

3  distresses.  *Id.* at \*4.  "[M]ore specific mental injuries such as post-traumatic stress disorder,

4  depression, insomnia, and suicidal ideation" are not garden variety.  *Id.*  Physical manifestation of

5  emotional distress may also indicate that the distress is more than garden variety.  *See, e.g.*,

6  *Mandujano v. Geithner*, No. 10-cv-01226-LB, 2011 WL 825728, at \*2 (N.D. Cal. Mar. 7, 2011)

7  (loss of sleep, migraines, weight loss, and growing a beard to hide were signs of distress beyond

8  garden-variety); *Tamburri v. Suntrust Mortg. Inc.*, No. 11-cv-02899-JST(DMR), 2013 WL

9  942499, at \*\*2, 4 (N.D. Cal. Mar. 11, 2013) (cracked teeth from stress, severe headaches, lost

10  mental clarity, and suicidal thoughts signs of more than garden-variety distress); *Sherman v.*

11  *Regents of Univ. of California*, No. 20-cv-06441-VKD, 2022 WL 19756, at \*3 (N.D. Cal. Jan. 3,

12  2022) (permitting IME to explore physical symptoms alleged to follow from emotional harms).

13  Nguyen alleges that he suffered and continues to suffer from "physical and emotional

14  suffering."  Discovery indicates that Nguyen's physical manifestation of emotional harm includes

15  loss of sleep, headache, and weight loss and gain.  These physical manifestations exceed "garden

16  variety" emotional distress and are sufficient to place Nguyen's mental and physical state in

17  controversy.

18  **B.    Walmart Has Shown Good Cause for an IME.**

19  Courts consider the following factors when determining whether good cause exists to order

20  an IME: "(1) the possibility of obtaining desired information by other means, (2) whether plaintiff

21  intends to prove his claim through testimony of expert witnesses, (3) whether the desired materials

22  are relevant, and (4) whether plaintiff is claiming ongoing emotional distress." *Zarate v. Victory*

23  *Packaging, LP*, No. 22-cv-811-JGB(KKx), 2023 WL 6190699, at \*4 (C.D. Cal. July 21, 2023)

24  (quoting *Elmansoury v. City of Garden Grove*, No. 17-cv-1269-DOC(DFMx), 2019 WL 2871159,

25  at \*2 (C.D. Cal. Mar. 26, 2019)).

26  The first of these factors weighs against a finding of good cause because Nguyen has

27  agreed not to use expert testimony to prove his emotional distress.  Additionally, Walmart

28  obtained at least some probative information through other means, including through the

1   depositions of Nguyen and his sister.

2       The Court finds the remaining two factors weigh heavily in favor of good cause.  An

3   examination is relevant given the severe, ongoing emotional distress claimed by Nguyen.

4   Moreover, the examination is highly probative of Nguyen's claim that he remains unable to work

5   due to his distress caused by Walmart's misconduct.  Denial of Walmart's request could prejudice

6   Walmart's ability to prepare a defense.

7       Accordingly, good cause exists to require an IME.

8   **C.    The IME Request Is Timely.**

9       Nguyen claims that an IME is untimely because fact discovery has closed.  Courts in this

10  district have recognized that IMEs are not neatly categorized as fact or expert discovery.  *See*

11  *Guitron v. Wells Fargo Bank, N.A.*, No. 10-cv-3461-CW-MEJ, 2011 WL 6012595, at *1 (N.D.

12  Cal. Dec. 1, 2011) (examining issue and noting courts have at times permitted and excluded IMEs

13  sought after close of fact discovery).  In the absence of evidence of bad faith from the delinquent

14  party or prejudice to the objecting party, courts will permit IMEs after fact discovery closes and

15  before expert discovery closes.  *Id.* at *2.

16      Here, Walmart perhaps should have sought an IME earlier in the litigation.  However,

17  Nguyen does not contend that Walmart purposely delayed its request.  Nguyen's throwaway line

18  that "he will be prejudiced by Defendant's failure to timely seek a Court order for an IME" does

19  not establish prejudice.  Walmart's motion for summary judgment remains pending and trial is not

20  scheduled to begin until February 2025.  There is no indication that an IME will delay the trial

21  dates.

22      Accordingly, the Court finds the request is timely.

23                          **CONCLUSION**

24      For the reasons stated above, the Court GRANTS Walmart's request to compel a Rule 35

25  examination of Nguyen as follows:

26      Plaintiff Brian Nguyen shall submit to a mental examination by Dr. Judy Ho at a location,

27  time, and date agreed upon by the parties and no later than 30 days from the date of this Order.

28  The examination shall be scheduled based on the earliest availability of Nguyen and Dr. Ho, and it

United States District Court
Northern District of California

1 | shall last no more than seven hours, excluding breaks.  Dr. Ho's examination may include, but

2 | shall not be limited to, a clinical interview including: gathering of identifying information;

3 | inquiries into personal, occupational, educational, religious, drug and alcohol, legal, family, and

4 | marital history; taking a history of psychiatric complaints as well as treatment and diagnosis and

5 | prognosis for the future; taking a history of all physical and psychological injuries or conditions

6 | which are claimed to have resulted or been sustained by Nguyen as a result of the incidents giving

7 | rise to this lawsuit; taking a formal mental status examination; and any other subjects Dr. Ho

8 | deems necessary to make a determination in this case.  Breaks for personal comfort or necessity

9 | may be taken as needed.

10 | Only the examining doctor and the Plaintiff to be examined shall be present at each

11 | appointment.  Audio-recording will be permitted.  The results of this examination may be used in

12 | this litigation and for any lawful purpose outside of this litigation, to the extent allowed by law.

13 | The parties may seek leave to file any materials produced in or as a result of the examination

14 | under seal, if appropriate.

15 | **IT IS SO ORDERED.**

16 | Dated: October 15, 2024

17 | 

18 | JEFFREY S. WHITE
United States District Judge