UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN NGUYEN,<br><br>            Plaintiff,<br><br>    v.<br><br>WAL-MART ASSOCIATES, INC.,<br><br>            Defendant. | Case No. 23-cv-03204-JSW<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, PARTIAL SUMMARY JUDGMENT**<br><br>Re: Dkt. Nos. 33, 35 |

Now before the Court is the motion for summary judgment or, in the alternative, partial summary judgment filed by Defendant Wal-Mart Associates, Inc. ("Walmart"). (Dkt. No. 33-1, Def.'s Memorandum of Points and Authorities ("Def. Mem.").) The Court has reviewed the parties' papers, relevant legal authority, and the record in this case, and it finds the matter suitable for disposition without oral argument. *Cf.* Civ. L.R. 701(b). For the following reasons, the Court GRANTS, IN PART, and DENIES, IN PART, Walmart's motion.

**BACKGROUND**

Plaintiff Brian Nguyen ("Nguyen") was employed by Walmart for approximately 27 years. Nguyen contends that Walmart unlawfully terminated his employment while Nguyen was on protected disability leave. Walmart contends that Nguyen voluntarily resigned after a prolonged, unapproved absence. Unless otherwise noted, the parties agree to the following facts:

Walmart hired Nguyen in August 1994 as a Department Manager in its Milpitas location. In 2016, Nguyen transferred to the San Jose location and worked as an electronics sales associate.

In 2014, Nguyen requested a leave of absence due to a medical issue. Nguyen requested the leave through Walmart's third-party claims administrator, Sedgwick. The parties disagree on the import of this leave of absence request; Nguyen contends that he was unfamiliar with

1  Sedgwick and submitted his claim through Sedgwick only on the instruction of his personnel
2  manager. (Dkt. No. 39-1, Declaration of Christina R. Manalo ("Manalo Decl."), Ex. A, Excerpts
3  from Nguyen Deposition, at 77:7-20.)
4        In October of 2021, Nguyen suffered an injury to his head and neck. Three or four days
5  later, on October 27, 2021, Nguyen provided his personnel manager Meghan Keiser with a
6  doctor's note indicating that he was diagnosed with a "temporary total disability" and required
7  time off to recover. The parties disagree on Keiser's response.
8        According to Walmart, Keiser was unable to grant a leave of absence request and so
9  instructed Nguyen to send his disability form in by fax and/or email to Sedgwick. Walmart
10 concedes that Keiser provided Nguyen with a fax number and email address, but it does not
11 identify the number or address. (Def. Mem., at 6:1-5.)
12       Nguyen contends that Keiser said she "would process" the form. (Manalo Decl., Ex. A, at
13 110:19-23.) Nguyen further contends that Keiser told him to submit his form to the email address
14 "walmartstore5435@gmail.com" and the fax number "(408) 885-1439," which is presently
15 associated with Walmart's San Jose store. (Dkt. No. 39-2, Declaration of Brian Nguyen ("Nguyen
16 Decl."), ¶ 5.) Walmart denies that Keiser or anyone else at Walmart had access to
17 "walmartstore5435@gmail.com" or the fax number "(408) 885-1439."[1]
18       Nguyen sent additional faxes and emails to "walmartstore5435@gmail.com" and "(408)
19 885-1439" on November 9, 2021, December 7, 2021, and January 19, 2022. (*Id.* ¶¶ 6-7.) Each
20 transmission included a doctor's note further extending his leave, with the latest note stating that
21 Nguyen would be out of work until March 1, 2022. (*Id.*) Nguyen did not receive any responses.
22 (*Id.* ¶ 9.) Nor did anyone from Walmart contact Nguyen after October 27, 2021. (*Id.*)
23       The parties agree that Nguyen did not attempt to contact Sedgwick with regard to his leave
24 of absence request, and he did not call into the store to report his absences pending approval of his

---

[1] Walmart argues that the Court should exclude evidence of any communications to those recipients for failure to prove receipt. (Def. Mem., at 11 n.4.) Walmart's objection is overruled. Whether Walmart had access to the disputed email or fax number is a question of fact. Nguyen authenticated the emails and faxes via declaration that he sent the transmissions and none were returned as rejected. (Nguyen Decl., ¶¶ 5-8.)

United States District Court
Northern District of California

leave.

Walmart's attendance records for Nguyen show that he was on a "Leave of absence – LOA" beginning October 27, 2021 and continuing through January 7, 2022. (Kaiser Decl., Ex. F, at WM-NGUYEN_0002038.2-2038.7.)  Five of those days—December 30, 2021 through January 4, 2022—are marked with "Leave of absence – LOA – authorized." (*Id.* at 2038.3.)  October 28, 2021 is marked as "Jury duty," and October 30, 2021 is marked as simply "Unauthorized." (*Id.* at 2038.7.)  January 8, 2021 is marked with both "Leave of absence – LOA" and "Associate no longer employed." (*Id.* at 2038.2.)  Nguyen's attendance is then marked as "Associate no longer employed" for January 11 and 12, 2022, "Leave of absence – LOA" for January 13 and 14, 2022, and "Associate no longer employed" for January 22, 2022 through February 2, 2022. (*Id.* at 2038.1-2038.2.)

Nguyen's employment with Walmart ended on February 2, 2022.

Walmart contends that Nguyen resigned. Patricia Kaiser, Market People Partner[2] for Nguyen's former store, submits a copy of Nguyen's Workday Termination Report, which appears to be a report modifying Nguyen's employment within Walmart's internal system. (Kaiser Decl., ¶ 4, Ex. A.)  The report states that "Meghan Keiser on behalf of Vanessa Montenegro" terminated Nguyen's employment as of February 2, 2022, due to "Voluntary > Better Opportunities." (*Id.* (capitalizations removed).)  Keiser has no knowledge or recollection of Nguyen's separation. (Manalo Decl., Ex. C, Excerpts from Keiser Deposition, at 27:20-29:12.)  Walmart was unable to identify to whom Nguyen submitted his resignation. (Manalo Decl., Ex. B, Excerpts from Kaiser Deposition, at 52:6-15.)

Walmart claims, in the alternative, that it properly terminated Nguyen for missing 64 scheduled shifts. (Kaiser Decl., ¶ 34 (noting possible mistake in how Nguyen's separation was coded in internal system).)  Walmart maintains a leave of absence policy on its intranet, to which Nguyen had access. (*Id.* ¶ 28.)  The policy requires employees to submit leave requests through Sedgwick and provides step-by-step instructions for how to do so. (*Id.*)  It also requires the

---

[2] "Market People Partner" is a similar position to Human Resources Manager. (Dkt. No. 33-5, Declaration of Patricia Kaiser ("Kaiser Decl."), ¶ 2.)

3

employee to call in sick pending approval. (*Id.*) Nguyen never called in sick after his conversation with Keiser. (Declaration of Caitlyn Emery ("Emery Decl."), Ex. A, Excerpts from Nguyen Deposition, at 119:11-12.)

Nguyen contends that he was fired without notice. He learned of his termination around February 14, 2022, when he received a letter from The Prudential Insurance Company of America stating that his coverage had been terminated effective February 2, 2022. (Nguyen Decl., ¶ 10.) After receiving the letter, Nguyen called the San Jose store but was unable to reach his supervisor or human resources manager. (*Id.*) He then called Walmart headquarters and spoke to an unidentified person who told Nguyen he had been terminated. (*Id.*) Walmart policy was to send a notice of separation to employees upon separation, but Walmart did not send a written notice to Nguyen. (Manalo Decl., Ex. C, at 30:20-32:6; Ex. A, at 144:5-7.)

Nguyen brings eight causes of action against Walmart: (1) disability discrimination in violation of California Government Code section 12940 *et seq.* ("FEHA"); (2) failure to accommodate in violation of FEHA; (3) failure to engage in the interactive process in violation of FEHA; (4) retaliation in violation of FEHA; (5) retaliation in violation of the California Family Rights Act ("CFRA"); (6) interference in violation of the Family Medical Leave Act ("FMLA"); (7) wrongful termination in violation of public policy; and (8) waiting time penalties. (Dkt. No. 1-1, Complaint ("Compl.").) Nguyen originally filed suit in California state court, and Walmart removed on the basis of diversity jurisdiction. (Dkt. No. 1, Notice of Removal.) Walmart now contends it is entitled to judgment in its favor on all of Nguyen's claims. Walmart also seeks partial summary judgment as to Nguyen's claims for punitive damages.

**ANALYSIS**

**A.   Legal Standard.**

Under Rule 56, summary judgment is warranted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if there is sufficient evidence for a reasonable jury to find for the non-moving party. *Id.* at 248-49.

4

The party moving for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986). When the moving party has met its burden, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts to show that there is a genuine issue for trial.[3] *Id.* The Court views the evidence in the light most favorable to, and makes all reasonable inferences in favor of, the nonmoving party. *Tolan v. Cotton*, 572 U.S. 650, 656-57 (2014).

**B.    Summary Judgment Is Granted in Favor of Walmart on Nguyen's Interference in Violation of FMLA and Waiting Time Penalties Claims.**

Nguyen does not respond to the legal arguments raised by Walmart in support of summary judgment on his sixth and eighth causes of action: interference in violation of FMLA and waiting time penalties. Accordingly, Nguyen has abandoned those claims. *See Cobarrubia v. Edwards*, No. 4:19-cv-07899-KAW, 2021 WL 4846948, at *2 (N.D. Cal. Jun. 4, 2021) (finding plaintiff abandoned claims by not responding to argument). The Court grants Walmart's motion as to interference in violation of FMLA and waiting time penalties.

**C.    Genuine Issues of Material Fact Remain Regarding Nguyen's FEHA Claims.**

California law, like federal law, applies a three-part framework to disability discrimination claims: First, Nguyen has the burden of establishing a prima facie case. *Brundage v. Hahn*, 57 Cal. App. 4th 228, 236 (1997). Second, Walmart must offer a "legitimate nondiscriminatory reason for the adverse employment decision." *Id.* Third, the burden shifts back to Nguyen to show that the proffered reason is pretextual. *Id.*

**1.    Genuine Issues of Fact Remain as to Discrimination.**

To make a prima facie showing of discrimination in violation of the FEHA, Nguyen must show that Walmart discriminated against him because of his disability. Cal. Gov. Code § 12940(a). Nguyen "can meet this burden, even circumstantially or by inference, that he. . . (1) suffered from a disability. . .; (2) could perform the essential duties of the job with or without

---

[3] Plaintiff correctly states the standard but quotes local rules from another district. (*See* Dkt. No. 39, Pl.'s Memorandum of Points and Authorities in Opposition ("Pl. Mem."), at 14:28-15:5.)

reasonable accommodations[;] and (3) was subjected to an adverse employment action because of the disability[.]" *Sandell v. Taylor-Listug, Inc.*, 188 Cal. App. 4th 297, 310 (2010).  This burden is "light" and may be proven with "sufficient circumstantial evidence to give rise to a reasonable inference of discrimination." *Id.* (emphasis removed).

Walmart does not dispute that Nguyen suffered from a disability at the time of his termination, and it does not argue that Nguyen was incapable of performing his duties given his prolonged total disability.

Instead, it contends that it lacked notice that Nguyen was disabled, and thus Walmart could not have terminated Nguyen "because of" his disability.  Walmart concedes that Nguyen gave Keiser a form stating that he had headaches and neck pain, was temporarily totally disabled, and was required to be off work.  (Def. Mem., at 7:26-8:1.)  Even so, according to Walmart, Walmart lacked notice because it did not have a diagnosis, and so it could not have been motivated by discriminatory animus in terminating Nguyen.

The Court finds that genuine issues of material fact remain.  Keiser received a form stating that Nguyen was disabled.  Nguyen's attendance records reflect that he was on a "Leave of Absence – LOA" for most days between Keiser's receipt of the form and Nguyen's separation from employment.  Walmart's insistence that Nguyen cannot produce "admissible" evidence regarding notice is undercut by Walmart's own records and Nguyen's testimony that he followed Keiser's instructions in how to proceed with his request for leave.

Walmart further contends that Nguyen did not suffer an adverse employment action because he voluntarily resigned, as reflected in its business records.  However, Walmart admits that its records may be mistaken and that Nguyen might have been terminated.  Nguyen offers his own testimony that he did not resign.

These fact and credibility questions must be determined by a jury, not the Court.

**2. Genuine Issues of Material Fact Remain as to Retaliation.**

To make a prima facie case for retaliation, Nguyen must show that he engaged in a protected activity and that he suffered an adverse employment action because of the protected activity.  *Yanowitz v. L'Oreal USA, Inc.*, 36 Cal.4th 1028, 1042 (2005).

Walmart argues that this claim fails for the same reason the discrimination claim fails. Because the Court finds genuine issues of material fact remain regarding discrimination, it finds that genuine issues remain regarding retaliation. A reasonable jury could find that Walmart was aware of Nguyen's disability and that it terminated him in retaliation for taking leave.

### 3. Genuine Issues of Material Fact Remain as to a Legitimate, Nondiscriminatory Reason for Termination.

Walmart contends that it did not fire Nguyen, but that if it did fire Nguyen, it had the right to do so because Nguyen did not follow the leave of absence policy. Nguyen responds that he followed the instruction of his personnel manager, Keiser, in faxing and emailing his documents to the store rather than to Sedgwick.

When an employee establishes a prima facie case of disability discrimination, the burden of production shifts to the employer to "clearly set forth, through the introduction of admissible evidence, the reasons for the [adverse action]." *Caldwell v. Paramount Unified Sch. Dist.*, 41 Cal. App. 4th 189, 201 (1995) (internal quotation omitted). Here, Walmart does not produce any evidence which shows that it terminated Nguyen as a result of his failure to follow the leave of absence policy. Instead, Walmart offers speculation that it could have terminated Nguyen for good reason. Walmart does not provide any case law suggesting that this hypothetical motivation for termination is sufficient to obtain summary judgment.

Walmart has not met its burden to show that no genuine issue of material fact remains as to its reasons for terminating Nguyen such that it is entitled to judgment as a matter of law.

### 4. Genuine Issues of Material Fact Remain as to Failure to Provide Reasonable Accommodations and Failure to Engage in the Interactive Process.

FEHA requires employers to make reasonable accommodations for known employee disabilities. Cal. Gov. Code § 12940(m). Employer and employee must work together in a good faith interactive process to determine possible accommodations. *Nadaf-Rahrov v. Neiman Marcus Grp., Inc.*, 166 Cal. App. 4th 952, 984-85 (2008).

Walmart contends that it engaged in the interactive process with Nguyen by referring him to Sedgwick, and that the process broke down when Nguyen went on unauthorized leave without

7

1  submitting a request through Sedgwick.  Nguyen contends that he spoke with his personnel
2  manager Meghan Keiser and followed her instructions to communicate via email and fax.  Neither
3  party spoke to the other via telephone nor communicated via mail.

4      Nguyen has raised a triable issue of fact as to whether Walmart was responsible for failing
5  to engage in the interactive process.  A reasonable jury could find, drawing all inferences in favor
6  of Nguyen, that Walmart did not follow its written policy to refer accommodation requests to
7  Sedgwick, that no one from Walmart attempted to work with Nguyen to find an accommodation,
8  and that Nguyen was ignored after trying to communicate through the channels a Walmart
9  personnel officer instructed him to use.  Accordingly, genuine issues of material fact remain as to
10 these claims.

### D. Summary Judgment Is Denied as to the CFRA Retaliation Claim and the Wrongful Termination in Violation of Public Policy Claim.

Walmart asserts that, because Nguyen's FEHA claims must fail, his CFRA retaliation and wrongful termination in violation of public policy claims must also fail.  Because the Court declines to dismiss the FEHA claims, it denies Walmart's motion as to these claims as well.

### E. Nguyen's Prayer for Punitive Damages Fails for Lack of Proof.

In order to obtain punitive damages from an employer "based upon acts of an employee of the employer," an employee must show that "the employer had advance knowledge of the unfitness of the employee and employed him or her with a conscious disregard of the rights or safety of others or authorized or ratified the wrongful conduct."  Cal. Civ. Code § 3294(b).  In the case of a corporate defendant, like Walmart, "the advance knowledge and conscious disregard, authorization, ratification or act of oppression, fraud, or malice must be on the part of an officer, director, or managing agent of the corporation."  *Id.*

Walmart denies that any officer, director, or managing agent engaged in malice, fraud, or oppression.  It further denies that Meghan Keiser was an officer or director of Walmart or that she had any discretionary authority.

Nguyen fails to respond to this denial with any showing of proof.  Instead, Nguyen makes a *res ipsa loquitor* argument that, because he was terminated while on disability leave and

Walmart failed to follow its policies or make adequate records, some person at Walmart must have acted with oppression, fraud, or malice. This is not enough. Punitive damages are accordingly barred in this case.

## CONCLUSION

For the foregoing reasons, the Court grants, in part, and denies, in part, Walmart's motion, as follows: Walmart's motion is GRANTED with regard to Nguyen's claims for interference in violation of the FMLA and waiting time penalties. The Court further GRANTS Walmart's motion to strike the prayer for punitive damages. Walmart's motion is denied as to Nguyen's remaining claims for relief: disability discrimination in violation of FEHA; failure to accommodate in violation of FEHA; failure to engage in the interactive process in violation of FEHA; retaliation in violation of FEHA; retaliation in violation of CFRA; and wrongful termination in violation of public policy.

**IT IS SO ORDERED.**

Dated: October 23, 2024

JEFFREY S. WHITE
United States District Judge